OPINION *Page 2 
{¶ 1} On September 21, 2007, the Licking County Grand Jury indicted appellant, Rocky Hudson, with one count of felonious assault in violation of R.C. 2903.11, one count of tampering with evidence in violation of R.C. 2921.12, one count of possession of marijuana in violation of R.C. 2925.11, one count of possession of drug paraphernalia in violation of R.C. 2925.14, one count of resisting arrest in violation of R.C. 2921.33, and one count of driving under suspension in violation of R.C. 4510.11. Said charges arose from an altercation between appellant and other individuals, and the subsequent investigation.
 {¶ 2} The possession of marijuana count was tried to the court. The remaining charges were tried to a jury which commenced on February 19, 2008. The trial court found appellant guilty of the possession of marijuana count. The jury found appellant guilty of the tampering, possession of drug paraphernalia, and driving under suspension counts, and not guilty of the remaining counts. By judgment entry filed February 22, 2008, the trial court sentenced appellant to an aggregate term of three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE JUDGMENT OF CONVICTION IS BASED ON INSUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THAT EVIDENCE."
 I {¶ 5} Appellant claims his conviction for tampering was against the sufficiency and manifest weight of the evidence. We disagree. *Page 3 
 {¶ 6} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 7} Appellant was convicted of tampering with evidence.in violation of R.C. 2921.12(A)(1) which states the following:
 {¶ 8} "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 {¶ 9} "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."
 {¶ 10} The evidence alleged to have been tampered with was a "crack pipe" which would have implicated appellant in the crime of possession of drug paraphernalia. *Page 4 
It is appellant's position that there was no proof that the item he stepped on was in fact drug paraphernalia. "Drug paraphernalia" is defined in R.C. 2925.14(A). Subsection (13) is pertinent to this appeal and states the following:
 {¶ 11} "(A) As used in this section, `drug paraphernalia' means any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter. `Drug paraphernalia' includes, but is not limited to, any of the following equipment, products, or materials that are used by the offender, intended by the offender for use, or designed by the offender for use, in any of the following manners:
 {¶ 12} "(13) An object, instrument, or device for ingesting, inhaling, or otherwise introducing into the human body, marihuana, cocaine, hashish, or hashish oil, such as a metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe, with or without a screen, permanent screen, hashish head, or punctured metal bowl; water pipe; carburetion tube or device; smoking or carburetion mask; roach clip or similar object used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand; miniature cocaine spoon, or cocaine vial; chamber pipe; carburetor pipe; electric pipe; air driver pipe; chillum; bong; or ice pipe or chiller."
 {¶ 13} While en route to investigate an assault call, Licking County Sheriff's Deputy Christopher Kimble received a radio call on the description of a vehicle leaving *Page 5 
the scene of the assault. T. at 137. The vehicle passed Deputy Kimble, so Deputy Kimble made a U-turn and pursued the vehicle. Id. The vehicle drove down a very long driveway and stopped. T. at 137-138. The driver threw things out the window and then exited the vehicle. T. at 138. Upon questioning the driver, the driver admitted to beating up "two guys," and turned over his personal information. T. at 142, 144-145. The driver was identified as appellant herein.
 {¶ 14} After being informed that he was driving under suspension, appellant "became very agitated, starting to throw things in front of him in the grass and raise his hands straight up in the air and threw things behind him while he was sitting on the hood of his car while he had pulled out of the jacket that he had put on willingly." T. at 146. One of the other deputies on the scene identified one of the items as a glass "crack pipe or something along that nature." T. at 146-147. After being informed that he was going to jail, appellant "jumped off the car and stepped on it." T. at 147, 185. It was smashed into pieces on gravel. T. at 147-148. It appeared to be a "glass pipe," usually "one end's burnt, the other end's not. It's for smoking drugs." T. at 151. Deputy Scott Keene collected the broken pieces. T. at 186; State's Exhibit 9. In identifying the broken pieces in court, Deputy Keene testified appellant stepped on the glass pipe, "stomped it and broke it. That's why it's in pieces. That's a piece of evidence he basically tried to destroy so we could not charge him with it." T. at 199.
 {¶ 15} The glass pipe was not the only evidence appellant tried to hide/destroy. During booking, he kicked a bag of marijuana away from himself. T. at 248-249. Other items recovered at the scene included a "metal pipe which had some Chore Boy down *Page 6 
in it and some burnt residue on it, appeared to be a crack pipe, and also a glass pipe, another crack pipe with this Chore Boy and burnt residue." T. at 186.
 {¶ 16} Because the glass pipe was broken into small shards, it was impossible to test it for drug residue. T. at 261. Appellant argues because the item was unable to be tested for drug residue, there is no proof that it was evidence of any crime. We find this circuitous argument to be without merit. The very purpose of the tampering with evidence statute is to punish someone who purposefully damages or destroys evidence. Clearly, a purposefully thrown glass crack pipe which was later stepped on constituted evidence relating to appellant's potential arrest on a drug paraphernalia charge.
 {¶ 17} Upon review, we find sufficient evidence to establish the elements of the crime of tampering, and no manifest miscarriage of justice.
 {¶ 18} The sole assignment of error is denied.
 {¶ 19} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
 Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1